811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HEATH, Harold Lancy, Harold Keith, Johnny Edwards,
Kenneth Thompson, Edward Ackerson, Michael R. Blum, Herbert
Hayes, David F. Burke, Gary W.J. Bevins, Bailey Jerome
Hayes, Gene H. Gregg, Pre-trial detainees, and Inmates of
Hamilton County Jail, Plaintiffs-Appellants,
v.
Robert A. WOOD, Allen E. Paul, Robert F. Reckman, as
Commissioners of Hamilton County and PAUL J.
FRICKER as Sheriff of Hamilton County,
Defendants-Appellees.
 No. 85-3905.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs, who are certified pursuant to Fed.R.Civ.P. 23(b)(2) as a class of those persons being presently detained and those who may be detained in the future at the Hamilton County, Ohio, County Jail, appeal the district court's order approving and entering an Agreed Final Judgment in this action brought under 42 U.S.C. Sec. 1983 seeking relief for alleged violations of the Eighth and Fourteenth Amendments from defendant county officials charged with administering the jail. The issue presented is whether the district court committed reversible error in sua sponte modifying the terms of the consent decree negotiated by the parties. For the reasons that follow, this case must be remanded to the district court for clarification of its final order.
 
 I.
 
 2
 Plaintiffs brought this action on December 15, 1976, alleging that the conditions, policies, and practices of the Hamilton County Jail violated plaintiffs' rights under the federal Constitution. Following years of discovery, various motions, and reports to the court by appointed experts, the parties negotiated a settlement of all claims, which was incorporated into a proposed Agreed Final Judgment. The agreement touches on most aspects of the administration of the jail including cell population, staffing, inmate classification, security, fire safety, exercise and recreation, discipline, ventilation, lighting, medical care, and the training of correctional officers. Although effective dates for compliance with the provisions of the agreement are provided for therein, the document contains no provision for its termination.
 
 
 3
 Upon motion of plaintiffs, the district court ordered that defendants provide notice of the Agreed Final Judgment to the members of the class and that objections be filed by August 15, 1985. On September 12, 1985, the court conducted a hearing to consider objections to the proposed Agreed Final Judgment. At that time, the court rejected the concerns expressed in two letters filed by class members. The court further stated that because the relief requested was analogous to affirmative action, the decree would have to be temporary in nature.
 
 
 4
 Plaintiffs' counsel objected, expressing concern that once the final judgment order was dissolved, defendants would be compelled for financial or political reasons to return to their prior practices, thereby prompting future litigation. Counsel further objected on the grounds that the parties had not agreed to any temporal limitations.
 
 
 5
 On September 25, 1985, the court entered its Order, which states in part:
 
 
 6
 The Court will approve the substance of the Agreed Final Judgment. Nevertheless, upon further consideration and after considering the objections of Plaintiffs' counsel, the Court finds that the relief embodied in Agreed Final Judgment is analogous to affirmative action and, therefore, the decree must be temporary in nature and must terminate when the conditions prompting this action have been corrected. Vanguards of Cleveland v. City of Cleveland, 753 F.2d 479 (6th Cir.1985). Accordingly,
 
 
 7
 IT IS HEREBY ORDERED AND ADJUDGED that all objections filed by class members are hereby overruled, and that the Agreed Final Judgment is approved and hereby entered as a final judgment in this case subject to the conditions imposed by this Court as stated hereafter.
 
 
 8
 IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs [sic] request for a permanent injunction is denied. A temporary injunction is granted which, in substance, requires the Defendants to comply with their agreement as embodied in the Agreed Final Judgment.
 
 
 9
 IT IS FURTHER ORDERED AND ADJUDGED that there shall be monitoring of compliance with the Agreed Final Judgment in accordance [with] the provisions of the Monitoring and Compliance Document attached hereto as "Exhibit A" and incorporated herein by reference.
 
 
 10
 * * *
 
 
 11
 IT IS FURTHER ORDERED AND ADJUDGED that the Agreed Final Judgment herein shall be in full force and effect from the date of this order until such time as the final report of the monitor shall have been completed and submitted to the Court, and the parties have had a reasonable opportunity to comment on that report. At such time, unless good cause be shown why the injunction should not be dissolved, it will be dissolved. In the event that the monitor finds that Defendants are not in full compliance with each provision of the Consent Decree, and such noncompliance is not found to be due to considerations fully outside the control of the Defendants, the Decree shall continue in full force and effect until such time as the monitor certifies to this Court that there is compliance and that there has been for a period not less than 180 days. In the event of such noncompliance, it is the decision of the Court that Defendants shall bear the expense of retaining the monitor for any excess period in which his services are required. In no event shall the Consent Decree herein be valid for a period of less than three years and six months, and in no event shall the Consent Decree be valid for a period of more than five years and six months unless the monitor is unable to certify to the Court full compliance with the Decree has occurred for the 180 days immediately preceding the date upon which termination of the Decree is contemplated.
 
 
 12
 Joint Appendix at 154-55.
 
 
 13
 Attached to the Order is a document entitled "Monitoring and Compliance Document," which is incorporated by reference into the Order. The Monitoring and Compliance Document provides for the appointment of a compliance officer who is to conduct periodic investigations and prepare detailed written reports for the court.
 
 II.
 
 14
 Plaintiffs' argument that the district court erred under Fed.R.Civ.P. 23(e) in sua sponte modifying the terms of the negotiated class action consent decree finds support in a recent decision by the Supreme Court. In Evans v. Jeff D., --- U.S. ----, 106 S.Ct. 1531 (1986), the district court had approved an agreement settling the plaintiffs' class action challenging alleged deficiencies in educational programs and health care services provided emotionally and mentally handicapped children by the State of Idaho. On appeal the Ninth Circuit invalidated that part of the agreement providing that the defendants would not bear any part of the plaintiffs' attorney fees or costs and left standing the remainder of the agreement. The Supreme Court stated:
 
 
 15
 To begin with, the Court of Appeals' decision rested on an erroneous view of the District Court's power to approve settlements in class actions. Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed. Although changed circumstances may justify a court-ordered modification of a consent decree over the objections of a party after the decree has been entered, and the District Court might have advised petitioners and respondents that it would not approve their proposal unless one or more of its provisions was deleted or modified, Rule 23(e) does not give the court the power, in advance of trial, to modify a proposed consent decree and order its acceptance over either party's objection. The options available to the District Court were essentially the same as those available to respondents: it could have accepted the proposed settlement; it could have rejected the proposal and postponed the trial to see if a different settlement could be achieved; or it could have decided to try the case.
 
 
 16
 Id. at 1537 (footnotes omitted; emphasis supplied). See Holmes v. Continental Can Co., 706 F.2d 1144, 1160 (11th Cir.1983) ("Courts are not permitted to modify settlement terms or in any manner to rewrite the agreement reached by the parties."); Officers for Justice v. Civil Service Commission, 688 F.2d 615, 630 (9th Cir.1982) ("Neither the district court nor this court is empowered to rewrite the settlement agreed upon by the parties. We may not delete, modify, or substitute certain provisions of the consent decree. Of course, the district court may suggest modifications, but ultimately, it must consider the proposal as a whole and as submitted. Approval must then be given or withheld."), cert. denied, 459 U.S. 1217 (1983); Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157, 1172 (5th Cir.1978) ("while the court in reviewing a settlement may make suggestions for modifications of the proposed decree, it may not unilaterally change the decree. Approval of the parties' settlement must be either given or withheld."), cert. denied, 439 U.S. 1115 (1979).
 
 
 17
 Plaintiffs argue that the time limitations imposed by the district court run afoul of the principle that a court may not modify the provisions of a consent decree prior to trial. We have concluded, however, that resolution of this issue may be unnecessary due to our uncertainty over the district court's intentions regarding its inclusion of the sunset provision in its Order. Specifically, we are unsure whether the district court intended the time limitations to apply to termination of the Agreed Final Judgment or only to termination of the Monitoring and Compliance Document incorporated into the Order. The basis for our uncertainty is the district court's statement that it believed a sunset provision was necessary in order that the court would not be in a position of running the jail forever. The Agreed Final Judgment, however, contains no provisions requiring court supervision. As noted supra, it is the Monitoring and Compliance Document that provides for oversight by the court.
 
 
 18
 This distinction is significant because plaintiffs' counsel stated during oral argument that the inclusion of the Monitoring and Compliance Document was constructively agreed to by the parties. Counsel asserted that plaintiffs' concern in bringing this appeal is to ensure that the obligations imposed upon defendants by the Agreed Final Judgment will remain in force indefinitely. Counsel asserted that he considered the Monitoring and Compliance Document to be of the same status as the time limitations imposed by the district court, viz., an improper, unilateral modification by the district court of the parties' agreement. However, counsel represented that plaintiffs had no objections to the provisions in the Monitoring and Compliance Document and noted that plaintiffs did not appeal the inclusion of that document in the Order. It follows that plaintiffs have no objection to a sunset provision that applies only to the Monitoring and Compliance Document. Therefore, if the district court intended this result, plaintiffs have no quarrel with the district court's Order and no need for the assistance of this court.
 
 III.
 
 19
 Accordingly, this action is REMANDED to the district court for clarification of its Order of September 25, 1985. The court is instructed to enter a supplemental Order specifying whether the time limitations contained in its September 25, 1985, Order apply only to the Monitoring and Compliance Document or whether those time limitations also apply to the Agreed Final Judgment proposed by the parties. In the event the district court determines that the time limitations apply to the proposed Agreed Final Judgment, the court is instructed to reconsider its September 25, 1985, Order in light of Evans v. Jeff D., supra, and the other cases cited herein.